# EXHIBIT 1

| CHARGE OF DISCRIMINATION | AGENCY<br>Q  FEPA<br>X  EEOC | CHARGE NUMBER |
|---|---|---|
| This form is affected by the Privacy Act of 1974; See privacy statement before consolidating this form. | | |

STATE OR LOCAL AGENCY:

| NAME (Indicate Mr., **Ms.**, Mrs.)<br>**Lorraine Lopez** | HOME TELEPHONE NUMBER *(Include Area Code)* |
|---|---|

| STREET ADDRESS<br>███████████ | CITY, STATE AND ZIP<br>Edison, NJ 08820 | DATE OF BIRTH<br>██/1966 |
|---|---|---|

NAMED IS THE EMPLOYER, LABOR ORGANIZATION, EMPLOYMENT AGENCY, APPRENTICESHIP, COMMITTEE, STATE OF LOCAL GOVERNMENT WHO DISCRIMINATED AGAINST ME (If more than one than list below)

| NAME<br>**AT&T Corp.; AT&T Services, Inc.;**<br>**AT&T Mobility Services LLC; AT&T**<br>**Inc.** | NUMBER OF EMPLOYEES, MEMBERS<br>> 100 | TELEPHONE (Include Area Code)<br>(800) 331-0500 |
|---|---|---|

| STREET ADDRESS<br>One AT&T Way | CITY, STATE AND ZIP<br>Bedminster, NJ 07921 | COUNTY<br>Somerset |
|---|---|---|

| CAUSE OF DISCRIMINATION *(Check appropriate box(es))*<br>Q Race   Q Color   Q Sex   Q Religion   Q National Origin<br>Q Retaliation   **X Age**   Q Disability   Q Other *(Specify)* | DATE DISCRIMINATION TOOK PLACE<br><br>*Earliest*            *Latest*  07/09/2024 |
|---|---|

**The Particulars Are:**

A.    1.    Relevant Work History

I was hired by Respondents on December 20, 2003. I last held the position of Director, Sourcing Operations. I last reported to Emily Chin (40[a]), Associate Vice President, Sourcing Operations. Chin reported to James Wilson (50), Vice President.

Respondents transferred my position, placed me on surplus status, and terminated my employment because of my age. When I was terminated, Respondents retained less qualified substantially younger employees in positions for which I was more qualified, and replaced me with and assigned my job duties and responsibilities to less qualified, substantially younger employees with less service time than me. When I was terminated, I was age fifty-eight (58) with more than twenty (20) years of service at Respondents.

I consistently demonstrated positive performance and dedication to Respondent. I performed my duties in a highly competent manner.

| I want this charge filed with both the EEOC and the State or local Agency, if any. I will advise the agencies if I change my address or telephone number and cooperate fully with them in the processing of my charge in accordance with their procedures | NOTARY - (when necessary for State and Local Requirements)<br><br>I swear of affirm that I have read the above charge and that it is true to the best of my knowledge information and belief. |
|---|---|
| I declare under penalty or perjury that the foregoing is true and correct | |
| Date: 8/15/2024    Charging Party *(Signature)*<br><br>*Lorraine Lopez* | SIGNATURE OF COMPLAINANT<br><br>SUBSCRIBED AND SWORN TO BEFORE ME THIS DATE<br>(Day Month, and year) |

---
[a] All ages herein are approximations.

EEOC Charge of Discrimination
Initials of Charging Party –

2.    Harm Summary

I have been discriminated against because of my age (58).  Evidence of the discriminatory conduct to which I have been subjected includes, but is not limited to, the following:

(a)  In or about October 2022, in a townhall meeting, John Stankey, Chief Executive Officer, made age-biased comments.  He stated that the age of Respondents' workforce was not in line with Respondents' customer demographics, and that Respondents needed to move out the old to make room for the new.  He stated that Respondents did not need people who knew how to use an abacus.  He stated that age was a decision making criterium for employment at Respondents.  He stated that Respondents did not need all these old people; and that Respondents needed young people with new ideas.

(b)  Despite Stankey's clearly illegal age biased statements, Respondents' knowledge of the same, and complaints being made about the same, Respondents have not terminated Stankey and have not sent out a written condemnation of his above age biased statements.

(c)  Stankey's illegal age biased statements, coupled with Respondents' failure to take action regarding the same, created a hostile work environment for me and all employees of Respondents age forty (40) and over.

(d)  Respondents have openly declared a policy of age discrimination.

(e)  Stankey expressed Respondents' policy of age discrimination and directive to reduce the number of older employees in its workforce.

(f)  In or about January 2024, I received an Exceeds performance review rating.

(g)  In or about February 2024, I began reporting directly to Chin.

(h)  Neither Chin nor Wilson had any role in my being hired at Respondents.

(i)  Chin interacted with younger employees in a more congenial manner.

(j)  Chin instructed me to hire Ryan Taylor (32), for a Lead Network position on my team.

(k)  On April 12, 2024, in a phone call with Chin, she stated that my position was being moved to Georgia and I would receive an email about it.

(l)  On April 12, 2024, following the above, in an email from Network Org Auto Notification, copying Chin, I was told that my position was being moved to Georgia.  I was told that, if I wanted to remain employed with Respondent, I would have to relocate to Georgia at my own expense.  The stated reason was that my role was being moved to a new location based on the type of work I performed.

(m)  On May 1, 2024, Respondents hired Ryan Taylor (32), Lead Network Project/Program Management, reporting to me.

(n)  On May 9, 2024, Respondents hired Brett Morrow (35), Senior Advanced Analytics, was hired, reporting to Michelle Meyer (46), Director, Sourcing Operations, who reported to Chin.

(o)  On May 13, 2024, I told Respondents that I was unable to move to Georgia.

2

EEOC Charge of Discrimination
Initials of Charging Party –

(p)  I was able to continue performing my job from New Jersey.

(q)  New Jersey was an approved "core" location for Respondents.

(r)  On June 24, 2024, in a phone call with Chin, she stated that I would receive an email about being placed on surplus status since I was not moving to Georgia.

(s)  On June 25, 2024, in a letter from Chin, Respondents placed me on surplus status and notified me that my employment would be terminated, effective July 9, 2024. The stated reason was position elimination.

(t)  On July 9, 2024, Respondents terminated my employment.

(u)  Respondents replaced me with Caleb Hill (50), who was recently promoted to Director. I was more qualified to perform my job duties than the substantially younger employee who was retained and with whom Respondents replaced me.

(v)  Respondents retained Taylor (32) and Morrow (35) when I was terminated.

(w)  I was the only employee reporting to Chin who was terminated on July 9, 2024.

(x)  At the time of my termination, the following employees, in addition to me, were reporting to Chin. I was more qualified to perform these employees' positions.

    i)    Lauren Sewell (32), Lead Sourcing Management;
    ii)   Michelle Meyer (43), Director, Sourcing Operations;
    iii)  Scott Golding (50), Director, Network Planning;
    iv)   Nellie Jabbari (52), Principal Sourcing Management;
    v)    Connie Lamberes (55), Lead Sourcing Management;
    vi)   Gregory Ohmer (68), Director, Network Planning.

(y)  I received no explanation, including the selection criteria, as to why I was placed on surplus status and substantially younger employees were not.

(z)  I received no explanation, including the selection criteria, as to why my position was eliminated and substantially younger employees' positions were not.

(aa) I received no explanation, including the selection criteria, as to why my position was transferred and substantially younger employees' positions were not.

(bb) I received no explanation, including the selection criteria, as to why I was terminated and substantially younger employees were retained.

(cc) I received no explanation, including the selection criteria, as to why I was told that my position was being moved to Georgia and a substantially younger employees' positions were not.

(dd) Respondents retained younger employees who had less service time than I had in positions for which I was more qualified when I was terminated.

(ee) Respondents transferred my position because of my age.

(ff)  Respondents placed me on surplus status because of my age.

(gg) Respondents terminated my employment because of my age.

3

EEOC Charge of Discrimination
Initials of Charging Party – *ll*

(hh) Respondents subjected me to a hostile work environment because of my age.

(ii) Respondents assigned my job duties and responsibilities to substantially younger employees with less service time than I had. I was more qualified to perform my job duties and responsibilities than the substantially younger employees with less service time to whom Respondents assigned my job duties and responsibilities.

(jj) I had no disciplinary or performance issues throughout my more than twenty (20) years of service.

(kk) I received numerous awards throughout my employment.

(ll) To my knowledge, the Chief Executive Officer has not been terminated despite his comments made in violation of state and federal law and his directives to violate the ADEA.

(mm)    Respondents have failed to comply with the ADEA and the OWBPA.

(nn) Respondents have falsely told employees that signing Respondents' severance agreement releases all claims, including ADEA claims.

(oo) Respondents recently terminated and/or pushed out other older employees.

(pp) Respondents recently hired and retained younger employees.

(qq) Respondents have engaged in a practice of telling older employees that they must relocate to retain their jobs for the purpose of eliminating older employees from the company.

(rr) Respondents have made layoff decisions with the intent to discriminate against older employees, consistent with its age discriminatory policy as expressed and directed by Stankey.

(ss) Respondents believed and/or were aware that older employees were less likely than younger employees to relocate for work, and instituted layoffs based on transfers and/or willingness to relocate with the intent to reduce the number of older employees.

(tt) Respondents were aware of the age makeup of positions and selected which positions to transfer with the intent to eliminate older employees from its workforce.

(uu) Respondents' layoffs based on transfer to core and/or hub locations had a disproportionate and/or disparate impact on older employees.

(vv) Respondents' policy of transferring positions to "core locations" and requiring employees to move with their work resulted in the termination of older employees at a higher rate than younger employees.

(ww)    Respondents are engaged in a pattern or practice of terminating and/or pushing out older employees.

(xx) Respondents have engaged in a pattern or practice of age discrimination including and as evidenced by, without limitation: its openly declared policy of age discrimination; openly expressed intent to reduce the number of older employees and replace them with younger ones; its corporate culture of age bias; its history of age discrimination; its termination of more older employees than younger employees at, it

4

EEOC Charge of Discrimination
Initials of Charging Party –

is believed, a statistically significant rate; and its continued attempt to obtain from older employees what purports to be a general release of claims of age discrimination under the ADEA but which fails to provide them with the information required by the OWBPA

(yy) Respondents are engaged in systemic termination of older employees and forcing older employees into arbitration when such older employees file age discrimination claims in connection with their termination.

(zz) Respondents' age discriminatory comments and conduct have caused me emotional distress.

B.    1.    Respondents' Stated Reasons

(a)    Respondents' stated reason for transferring my position—that my role was being moved to a new location based on the type of work I performed—is pretext for age discrimination.

(b)    Respondents' stated reason for placing me on surplus status and terminating my employment—position elimination—is pretext for age discrimination.

(c)    I have received no explanation for Respondents subjecting me to a hostile work environment based on my age.

C.    1.    **Class Charge**

**I bring this Charge as a class and pattern and practice Charge on behalf of myself and any and all current or former employees of Respondents who are age forty (40) and over, and who have been discriminated against based on age (including intentional age discrimination and disparate impact on older workers) in connection with hiring, promotion, demotion, position selection, being subjected to a hostile work environment, compensation, training, leadership, development, and termination decisions.**

**I bring this Charge as a class Charge of hostile work environment for all employees of Respondents who are age forty (40) and over as of or after the time that Stankey made his age biased comments.**

D.    1.    Statutes and Bases for Allegations

I believe that Respondents have discriminated against me based on my age (58), in violation of the Age Discrimination in Employment Act, as amended, 29 U.S.C. § 623 *et seq.* ("ADEA"); and the New Jersey Law Against Discrimination, as amended, N.J.S.A. § 10:5-1, *et seq.* ("NJLAD"), as set forth herein.

5