# EXHIBIT B

# UNITED STATES DISTRICT COURT
# FOR THE DISTRICT OF NEW JERSEY

|  |  |
|---|---|
| LORRAINE LOPEZ,<br><br>   Plaintiff,<br><br>v.<br><br>AT&T, INC., AT&T MOBILITY SERVICES LLC AND JOHN STANKEY,<br><br>   Defendants. | Civil Action No. 3:26-cv-03561<br><br>**DECLARATION OF JOHN STANKEY IN SUPPORT OF MOTION TO DISMISS** |

I, Defendant John Stankey, pursuant to 28 U.S.C. § 1746, hereby declare as follows:

1. I am over eighteen years of age, of sound mind, and otherwise competent to make this Declaration. The evidence set out in this Declaration is based on my personal knowledge. I submit this Declaration in support of my Motion to Dismiss in the above-captioned matter.

2. I am Chairman of the Board, Chief Executive Officer ("CEO") and President of AT&T Inc. ("AT&T").

3. I reside and am domiciled in Dallas, Texas. My primary office is in the AT&T headquarters in Dallas, Texas.

4. I do not currently reside and am not currently domiciled in the state of New Jersey, and I have never resided or been domiciled in the state of New Jersey. I do not own real property or maintain an office in the state of New Jersey.

5. On July 26, 2023, I spoke from AT&T headquarters in Dallas, Texas, during a town hall meeting for AT&T employees. This town hall meeting was broadcast to AT&T employees nationwide and was not specifically targeted to New Jersey or New Jersey employees.

6. On September 18, 2023, I spoke at an "Open Mic" event at AT&T's Middletown, New Jersey office. I give these kinds of talks at AT&T offices across the country in the regular course of my business as AT&T's CEO. My visit was not for the purpose of addressing Plaintiff Lorraine Lopez's job, work location, employment status, termination, or anything else related to her employment.

7. At the time of my visit to AT&T's Middletown, New Jersey office on September 18, 2023, I had no personal knowledge of whether Ms. Lopez was present at the event.

8. In or about June 2024, I visited AT&T employees in New Jersey in the regular course of my business as AT&T's CEO. My visit was not for the purpose of addressing Plaintiff Lorraine Lopez's job, work location, employment status, termination, or anything else related to her employment.

9. At the time of my visit to New Jersey in June 2024, I had no personal knowledge of whether Ms. Lopez was present at the event.

10. I was not Ms. Lopez's supervisor.

11. I was not involved in the decision to assign Ms. Lopez's role to Atlanta, Georgia, or any other location.

12. I was not involved in any decision to terminate Ms. Lopez's employment.

13. I do not recall ever speaking with Ms. Lopez. I have never traveled to New Jersey to address Ms. Lopez's job, work location, employment status, termination, or anything else about her employment, or to speak with Ms. Lopez.

14. I did not speak with Emily Chin, JR Wilson, Cheryl Choy, Chris Sambar, Jeff McElfresh, or any other person regarding whether Ms. Lopez's role should be assigned to Atlanta,

2

Georgia, whether Ms. Lopez should be required to relocate, whether Ms. Lopez should be selected for surplus, or whether Ms. Lopez's employment should be terminated.

15.    I was not involved in the preparation or presentation of any General Release to Ms. Lopez.

16.    I was not involved in any decision made by AT&T regarding whether Ms. Lopez would receive reimbursement or other support for relocation expenses.

I declare under penalty of perjury that the foregoing is true and correct.


DATE: June __15__ , 2026

By: _____

John Stankey
Chairman of the Board, Chief Executive Officer and President, AT&T Inc.

3