**UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF NEW JERSEY**

| | |
|---|---|
| LORRAINE LOPEZ,<br><br>　　　　Plaintiff,<br><br>v.<br><br>AT&T, INC. d/b/a "AT&T",  AT&T MOBILITY SERVICES LLC d/b/a "AT&T" AND JOHN STANKEY,<br><br>　　　　Defendants. | Civil Action No. 3:26-cv-03561<br><br>**DEFENDANTS' ANSWER TO COMPLAINT & AFFIRMATIVE DEFENSES**<br><br>*Electronically Filed* |

Defendants AT&T Inc. and  AT&T Mobility Services LLC ("AT&T Mobility Services") (collectively, "Defendants")[1], by and through their attorneys, answer the Complaint of Plaintiff Lorraine Lopez as follows:

The allegations set forth in the unnumbered introductory paragraphs violate Federal Rule of Civil Procedure 10(b), so no response is required.  To the extent a response is deemed necessary, Defendants admit that Ms. Lopez purports to proceed as stated.  Defendants deny the remaining averments in the unnumbered introductory paragraphs.  By way of further answer, Defendants specifically deny violating the Age Discrimination in Employment Act ("ADEA"), the New Jersey Law Against Discrimination ("NJLAD"), or any other law and further deny that Ms. Lopez is entitled to damages of any kind.

1.　　　Admitted in part; denied in part.  Defendants admit only that Ms. Lopez is an individual.  Defendants are without knowledge or information sufficient to form a belief as to the

---

[1] This Answer is submitted on behalf of AT&T Inc. and AT&T Mobility Services only.  Mr. Stankey is moving to dismiss the Complaint under Federal Rules of Civil Procedure 12(b)(2) and 12(b)(6).

truth of the remaining averments in Paragraph 1 of the Complaint and, therefore, the remaining averments in Paragraph 1 are deemed denied.

2.    Admitted in part; denied in part.  Defendants admit only that Ms. Lopez was born in March 1966 and she was fifty-eight years of age when her employment ended with AT&T Mobility Services.  Defendants deny the remaining averments in Paragraph 2.

3.    The averments in Paragraph 3 state conclusions of law to which no response is required.  To the extent a response is deemed necessary, Defendants admit only that AT&T Inc. is incorporated under the laws of the state of Delaware and conducts business at 208 South Akard Street, Dallas, Texas, 75202, and deny the remaining averments in this Paragraph.

4.    The averments in Paragraph 4 state conclusions of law to which no response is required.  To the extent a response is deemed necessary, Defendants admit only that AT&T is a parent corporation of wholly-owned subsidiaries, including AT&T Mobility Services, and deny the remaining averments in this Paragraph.

5.    Denied.

6.    The averments in Paragraph 6 state conclusions of law to which no response is required.  To the extent a response is deemed necessary, Defendants admit only that AT&T Mobility Services is incorporated under the laws of the state of Delaware and conducts business in Dallas, Texas, and deny the remaining averments in this Paragraph.

7.    Denied.

8.    Denied.

9.    Denied.

10.    Denied.

11.    Denied.

2

12.     Admitted in part; denied in part.  Defendants admit only that Ms. Lopez refers to AT&T Inc. and AT&T Mobility Services collectively as "AT&T."  Defendants deny the remaining averments in Paragraph 12.

13.     Denied.

14.     Admitted in part; denied in part.  Defendants admit only that AT&T Mobility Services employed more than twenty people during Ms. Lopez's employment at AT&T Mobility Services.  Defendants deny the remaining averments in Paragraph 14.

15.     The averments in Paragraph 15 state conclusions of law to which no response is required.  To the extent a response is deemed necessary, Defendants admit only that AT&T Mobility Services employed Ms. Lopez.  Defendants deny the remaining averments in Paragraph 15.

16.     The averments in Paragraph 16 state conclusions of law to which no response is required.  To the extent a response is deemed necessary, Defendants admit only that AT&T Mobility Services employed Ms. Lopez.  Defendants deny the remaining averments in Paragraph 16.

17.     Admitted in part; denied in part.  Defendants admit only that Ms. Lopez worked in New Jersey for AT&T Mobility Services during periods of her employment.  Defendants deny the remaining averments in Paragraph 17.

18.     The averments in Paragraph 18 pertain to Defendant John Stankey's pending Motion to Dismiss and, therefore, a response is not required at this time.

19.     The averments in Paragraph 19 pertain to Defendant John Stankey's pending Motion to Dismiss and, therefore, a response is not required at this time.

3

20.    The averments in Paragraph 20 pertain to Defendant John Stankey's pending Motion to Dismiss and, therefore, a response is not required at this time.

21.    The averments in Paragraph 21 pertain to Defendant John Stankey's pending Motion to Dismiss and, therefore, a response is not required at this time.

22.    The averments in Paragraph 22 state conclusions of law to which no response is required.  To the extent a response is deemed necessary, Defendants admit only that Ms. Lopez purports to bring claims under the ADEA and NJLAD.  Defendants deny the remaining averments in Paragraph 22.  By way of further answer, Defendants specifically deny violating the ADEA, NJLAD, or any other law.

23.    The averments in Paragraph 23 state conclusions of law to which no response is required.  To the extent a response is deemed necessary, the averments in Paragraph 23 are denied; however, Defendants do not dispute that this Court has subject matter jurisdiction over Ms. Lopez's ADEA claim.  By way of further answer, Defendants specifically deny violating the ADEA or any other law.

24.    The averments in Paragraph 24 state conclusions of law to which no response is required.  To the extent a response is deemed necessary, the averments in Paragraph 24 are denied; however, Defendants do not dispute that this Court may exercise supplemental jurisdiction over the claims against Defendants only.  By way of further answer, Defendants specifically deny violating the ADEA, NJLAD, or any other law.

25.    The averments in Paragraph 25 state conclusions of law to which no response is required.  To the extent a response is deemed necessary, the averments in Paragraph 25 are denied; however, Defendants do not dispute that jurisdiction is proper in this Court.  By way of further answer, Defendants specifically deny violating the ADEA, NJLAD, or any other law.

26.    The averments in Paragraph 26 state conclusions of law to which no response is required.  To the extent a response is deemed necessary, the averments in Paragraph 26 are denied; however, Defendants do not dispute that this Court has personal jurisdiction over AT&T Mobility Services for purposes of this action.  By way of further answer, Defendants specifically deny violating the ADEA, NJLAD, or any other law.

27.    The averments in Paragraph 27 state conclusions of law to which no response is required.  To the extent a response is deemed necessary, the averments in Paragraph 27 are denied. By way of further answer, Defendants specifically deny violating the ADEA, NJLAD, or any other law.

28.    The averments in Paragraph 28 pertain to Defendant John Stankey's pending Motion to Dismiss and, therefore, a response is not required at this time.

29.    The averments in Paragraph 29 state conclusions of law to which no response is required.  To the extent a response is deemed necessary, the averments in Paragraph 29 are denied; however, Defendants do not dispute that venue is proper in this Court.  By way of further answer, Defendants specifically deny violating the ADEA, NJLAD, or any other law.

30.    Admitted in part; denied in part.  Defendants admit only that Ms. Lopez filed a Charge of Discrimination with the Equal Employment Opportunity Commission ("EEOC"), asserting purported claims under the ADEA and attached a copy of the Charge as Exhibit 1 to her Complaint.  Defendants deny the remaining averments in Paragraph 30.

31.    Admitted.

32.    Defendants are without knowledge or information sufficient to form a belief as to the truth of the averments in Paragraph 32 and, therefore, the averments in Paragraph 32 are deemed denied.

5

33. The averments in Paragraph 33 state conclusions of law to which no response is required. To the extent a response is deemed necessary, the averments in Paragraph 33 are denied.

34. The averments in Paragraph 34 state conclusions of law to which no response is required. To the extent a response is deemed necessary, the averments in Paragraph 34 are denied.

35. The averments in Paragraph 35 state conclusions of law to which no response is required. To the extent a response is deemed necessary, the averments in Paragraph 35 are denied.

36. Admitted in part; denied in part. Defendants admit only that they have been parties in other lawsuits involving claims of purported age discrimination and that the averments in Paragraph 36 refer to documents that speak for themselves and Defendants deny any mischaracterizations thereof. Defendants deny the remaining averments in Paragraph 36.

37. Admitted in part; denied in part. Defendants admit only that Defendants are aware other lawsuits against them involving claims of purported age discrimination. Defendants deny the remaining averments in Paragraph 37. By way of further answer, Defendants specifically deny violating the ADEA, NJLAD, or any other law.

38. Admitted.

39. Denied.

40. Admitted in part; denied in part. Defendants admit only that Ms. Lopez's resume states that she received a Bachelor's Degree and Master of Business Administration from Kean University. Defendants are without knowledge or information sufficient to form a belief as to the truth of the remaining averments in Paragraph 40 and, therefore, the remaining averments are deemed denied.

41. Defendants are without knowledge or information sufficient to form a belief as to the averments in Paragraph 41 and, therefore, the averments in Paragraph 41 are deemed denied.

42.     Admitted in part; denied in part.  Defendants admit only that AT&T Mobility Services hired Ms. Lopez in 2003 and she was 37 at that time.  Defendants are without knowledge or information sufficient to form a belief as to the truth of the remaining averments in Paragraph 42 of the Complaint and, therefore, the remaining averments in Paragraph 42 are deemed denied.

43.     Admitted in part; denied in part.  Defendants admit only that Ms. Lopez held the position of Director, Sourcing Operations at AT&T Mobility Services when her employment ended.  Defendants deny the remaining averments in Paragraph 43.

44.     Admitted in part; denied in part.  Defendants admit only that Ms. Lopez held the position of Director, Sourcing Operations at AT&T Mobility Services and that she previously reported to George Meadors.  Defendants deny the remaining averments in Paragraph 44.

45.     Admitted in part; denied in part.  Defendants admit only that Ms. Lopez worked at AT&T Mobility Services' Bedminster, New Jersey office when her employment with AT&T Mobility Services ended.  Defendants deny the remaining averments in Paragraph 45.

46.     The averments in Paragraph 46 state conclusions of law to which no response is required.  To the extent a response is deemed necessary, the averments in Paragraph 46 are denied.

47.     Denied.

48.     Denied.

49.     Denied.

50.     Denied.

51.     Denied.

52.     Admitted in part; denied in part.  Defendants admit only that John Stankey, CEO, Jeff McElfresh, COO, Pascal Desroches, CFO, Melissa Arnoldi, Head of Customer Operations,

and Krista Pilot, Chief Communications Officer, participated in a webcast.  Defendants deny the remaining averments in Paragraph 52.

53.    Defendants are without knowledge or information sufficient to form a belief as to the truth of the averments in Paragraph 53 regarding Ms. Lopez's location when she viewed the Town Hall and, therefore, those averments in Paragraph 53 are deemed denied.  Defendants deny the remaining averments in Paragraph 53.

54.    Defendants are without knowledge or information sufficient to form a belief as to the truth of the averments in Paragraph 54 regarding what Ms. Lopez heard and, therefore, those averments in Paragraph 54 are deemed denied.  Defendants deny the remaining averments in Paragraph 54.

55.    Denied.

56.    Denied.  By way of further answer, Defendants specifically deny violating the ADEA, NJLAD, or any other law.

57.    Defendants admit only that on July 28, 2023, Mr. Stankey announced the resignation of Angela Santone, the Head of Human Resources and that the averments in Paragraph 57 refer to a document that speaks for itself and Defendants deny any mischaracterizations thereof.

58.    Defendants admit only that the averments in Paragraph 58 refer to a document that speaks for itself and Defendants deny any mischaracterizations thereof.  Defendants deny the remaining averments in Paragraph 58.

59.    Admitted in part; denied in part.  Defendants admit only that Ms. Lopez purports to quote statements from a September 18, 2023, event, but deny the quote reflects the context and entirety of Mr. Stankey's statements.  Defendants deny the remaining averments in Paragraph 59.

60. Defendants admit only that the averments in Paragraph 60 refer to a document that speaks for itself and Defendants deny any mischaracterizations thereof.

61. Admitted in part; denied in part. Defendants admit only that AT&T Mobility Services refers to the Middletown, New Jersey facility as a "hub." Defendants deny the remaining averments in Paragraph 61.

62. Denied.

63. Admitted in part; denied in part. Defendants admit only that on or about January 16, 2024, AT&T Mobility Services announced Mr. Meadors was retiring, and Emily Chin (39), who was previously Chief of Staff for Jeff McElfresh, would replace him. Defendants deny the remaining averments in Paragraph 63.

64. Denied.

65. Denied.

66. Admitted in part; denied in part. Defendants admit only that Ms. Chin worked from AT&T Mobility Services headquarters in Dallas, Texas. Defendants deny the remaining averments in Paragraph 66.

67. Admitted.

68. Admitted.

69. Admitted in part; denied in part. Defendants admit only that four Level 3 Directors at AT&T Mobility Services reported to Ms. Chin, including Ms. Lopez (58), Director, Sourcing Operations, who worked from Bedminster, New Jersey; Scott Golding, Director, Network Planning, who worked from Sacramento, California; Greg Ohmer (68), Director, Network Planning, who worked from Atlanta, Georgia; and Michelle Meyer (49), Director, Sourcing

Operations, who worked from Dallas, Texas. Defendants deny the remaining averments in Paragraph 69.

70. Admitted in part; denied in part. Defendants admit only that Ms. Lopez raised the topic of her pension during a discussion with Ms. Chin. Defendants deny the remaining averments in Paragraph 70.

71. Denied.

72. Admitted in part; denied in part. Defendants admit only that Ryan Taylor (31) filled a vacant position for AT&T Mobility Services in or around March 2024 to be effective May 2024. Defendants deny the remaining averments in Paragraph 72.

73. Defendants admit only that the averments in Paragraph 73 refer to a document that speaks for itself and Defendants deny any mischaracterizations thereof.

74. Admitted in part; denied in part. Defendants admit only that Ms. Lopez received an "Employee Designation & Locations Letter" from AT&T Mobility Services dated April 12, 2024. Defendants deny the remaining averments in Paragraph 74.

75. Defendants admit only that the averments in Paragraph 75 refer to a document that speaks for itself and Defendants deny any mischaracterizations thereof.

76. Admitted in part; denied in part. Defendants admit only that Ms. Lopez received an "Exceeds" rating on her 2023 annual performance evaluation and she previously worked in AT&T Mobility Services' office in Bedminster, New Jersey. Defendants deny the remaining averments in Paragraph 76.

77. Admitted in part; denied in part. Defendants admit only that AT&T Mobility Services expected Ms. Lopez to work from Atlanta, Georgia, beginning on November 1, 2024. Defendants deny the remaining averments in Paragraph 77.

10

78.    Admitted in part; denied in part.  Defendants admit only that the averments in Paragraph 78 refer to a document that speaks for itself and Defendants deny any mischaracterizations thereof.  Defendants deny the remaining averments in Paragraph 78.

79.    Denied.

80.    Admitted in part; denied in part.  Defendants admit only that the averments in Paragraph 80 refer to a document that speaks for itself and Defendants deny any mischaracterization thereof.  Defendants deny the remaining averments in Paragraph 80.

81.    Defendants are without knowledge or information sufficient to form a belief as to the truth of the averments in Paragraph 81 and, therefore, the averments in Paragraph 81 are deemed denied.

82.    Denied.

83.    Admitted in part; denied in part.  Defendants admit only that AT&T Mobility Services offered Ms. Lopez the opportunity to relocate to Atlanta, Georgia.  Defendants are without knowledge or information sufficient to form a belief as to the truth of the averments in Paragraph 83 regarding Ms. Lopez's commute and, therefore, those averments are deemed denied. Defendants deny the remaining averments in Paragraph 83.

84.    Denied.

85.    Admitted in part; denied in part.  Defendants admit only that, as of April 12, 2024, Bedminster, New Jersey, was designated as a "core" location; Ms. Lopez received an "Exceeds" performance rating while she worked in Bedminster; and some of Ms. Chin's subordinates worked in Atlanta and she worked in Dallas.  Defendants deny the remaining averments in Paragraph 85. By way of further answer, Defendants specifically deny violating the ADEA, NJLAD, or any other law.

11

86.    Admitted in part; denied in part.  Defendants admit only that Mr. Golding worked at a non-core location before relocating to Dallas.  Defendants deny the remaining averments in Paragraph 86.  By way of further answer, Defendants specifically deny violating the ADEA, NJLAD, or any other law.

87.    Denied.

88.    Denied.

89.    Denied.

90.    Denied.

91.    Denied.

92.    Denied.

93.    Denied.

94.    Denied.  By way of further answer, Defendants specifically deny violating the ADEA, NJLAD, or any other law.

95.    Admitted in part; denied in part.  Defendants admit only that Ms. Lopez declined AT&T Mobility Services' offer to relocate to Atlanta, Georgia.  Defendants deny the remaining averments in Paragraph 95.

96.    Denied.

97.    Admitted in part; denied in part.  Defendants admit only that Mr. Stankey visited AT&T Mobility Services' offices in New Jersey the week of June 24, 2024, and the averments in Paragraph 97 refer to a document that speaks for itself.  Defendants deny any mischaracterizations thereof.  Defendants deny the remaining averments in Paragraph 97.

98.    Denied.

12

99.    Denied.  By way of further answer, Defendants specifically deny violating the ADEA, NJLAD, or any other law.

100.    Admitted in part; denied in part.  Defendants admit only that AT&T Mobility Services sent Ms. Lopez a Surplus Notification Letter dated June 25, 2024, notifying Ms. Lopez that her position at AT&T Mobility Services would be eliminated effective July 9, 2024. Defendants deny the remaining averments in Paragraph 100.

101.    Admitted in part; denied in part.  Defendants admit only that the averments in Paragraph 101 refer to a document that speaks for itself.  Defendants deny any mischaracterizations thereof.  Defendants deny the remaining averments in Paragraph 101.

102.    Denied.

103.    Denied.

104.    Admitted in part; denied in part.  Defendants admit only that AT&T Mobility Services offered Ms. Lopez a severance agreement and general release, which is a document that speaks for itself.  Defendants deny any mischaracterizations thereof.  Defendants deny the remaining averments in Paragraph 104.

105.    Denied.  By way of further answer, Defendants specifically deny violating the ADEA, NJLAD, or any other law.

106.    Admitted in part; denied in part.  Defendants admit only that Ms. Lopez declined AT&T Mobility Services' offer to relocate and that the averments in Paragraph 106 refer to a document that speaks for itself.  Defendants deny any mischaracterizations thereof.  Defendants deny the remaining averments in Paragraph 106.

107.    Denied.  By way of further answer, Defendants specifically deny violating the ADEA, NJLAD, or any other law.

13

108. Denied. By way of further answer, Defendants specifically deny violating the ADEA, NJLAD, or any other law.

109. Denied. By way of further answer, Defendants specifically deny violating the ADEA, NJLAD, or any other law.

110. Denied. By way of further answer, Defendants specifically deny violating the ADEA, NJLAD, or any other law.

111. Denied. By way of further answer, Defendants specifically deny violating the ADEA, NJLAD, or any other law.

112. Denied. By way of further answer, Defendants specifically deny violating the ADEA, NJLAD, or any other law.

113. Denied. By way of further answer, Defendants specifically deny violating the ADEA, NJLAD, or any other law.

114. Denied. By way of further answer, Defendants specifically deny violating the ADEA, NJLAD, or any other law.

115. Denied. By way of further answer, Defendants specifically deny violating the ADEA, NJLAD, or any other law.

116. Denied. By way of further answer, Defendants specifically deny violating the ADEA, NJLAD, or any other law.

117. Denied. By way of further answer, Defendants specifically deny violating the ADEA, NJLAD, or any other law.

118. Denied. By way of further answer, Defendants specifically deny violating the ADEA, NJLAD, or any other law.

119.    Denied.  By way of further answer, Defendants specifically deny violating the ADEA, NJLAD, or any other law.

120.    Denied.  By way of further answer, Defendants specifically deny violating the ADEA, NJLAD, or any other law.

121.    Denied.  By way of further answer, Defendants specifically deny violating the ADEA, NJLAD, or any other law.

122.    Denied.  By way of further answer, Defendants specifically deny violating the ADEA, NJLAD, or any other law.

123.    Admitted in part; denied in part.  Defendants admit only that AT&T Mobility Services terminated Ms. Lopez's employment.  The remaining averments in this Paragraph are denied.  By way of further answer, Defendants specifically deny violating the ADEA, NJLAD, or any other law.

124.    Admitted in part; denied in part.  Defendants admit only that AT&T Mobility Services offered Ms. Lopez a severance package with a general release.  Defendants deny the remaining averments in Paragraph 124.  By way of further answer, Defendants specifically deny violating the ADEA, NJLAD, or any other law.

125.    Denied.  By way of further answer, Defendants specifically deny violating the ADEA, NJLAD, or any other law.

126.    Denied.  By way of further answer, Defendants specifically deny violating the ADEA, NJLAD, or any other law.

127.    Denied.  By way of further answer, Defendants specifically deny violating the ADEA, NJLAD, or any other law.

15

128.    Denied.  By way of further answer, Defendants specifically deny violating the ADEA, NJLAD, or any other law.

129.    Denied.  By way of further answer, Defendants specifically deny violating the ADEA, NJLAD, or any other law.

130.    The averments in Paragraph 130 pertain to Defendant John Stankey's pending Motion to Dismiss and, therefore, a response is not required at this time.  To the extent a response is deemed necessary, Defendants deny the averments in Paragraph 130.

131.    Denied.  By way of further answer, Defendants specifically deny violating the ADEA, NJLAD, or any other law and further deny Ms. Lopez is entitled to damages of any kind.

132.    Denied.  By way of further answer, Defendants specifically deny violating the ADEA, NJLAD, or any other law and further deny Ms. Lopez is entitled to damages of any kind.

133.    Denied.  By way of further answer, Defendants specifically deny violating the ADEA, NJLAD, or any other law and further deny Ms. Lopez is entitled to damages of any kind.

## COUNT I

134.    The foregoing paragraphs are incorporated by reference as if fully set forth herein.

135.    Denied.  By way of further answer, Defendants specifically deny violating the ADEA or any other law.

136.    Denied.  By way of further answer, Defendants specifically deny violating the ADEA or any other law.

137.    Denied.  By way of further answer, Defendants specifically deny violating the ADEA or any other law.

138.    Denied.  By way of further answer, Defendants specifically deny violating the ADEA or any other law and further deny Ms. Lopez is entitled to damages of any kind.

139.    The averments in Paragraph 139 state conclusions of law to which no response is required.  To the extent a response is deemed necessary, the averments in Paragraph 139 are denied.

## COUNT II

140.    The foregoing paragraphs are incorporated by reference as if fully set forth herein.

141.    Denied.  By way of further answer, Defendants specifically deny violating the NJLAD or any other law.

142.    The averments in Paragraph 142 pertain to Defendant John Stankey's pending Motion to Dismiss and, therefore, a response is not required at this time.  To the extent a response is deemed necessary, Defendants deny the averments in Paragraph 142.

143.    Denied.  By way of further answer, Defendants specifically deny violating the NJLAD or any other law and further deny Ms. Lopez is entitled to damages of any kind.

144.    Denied.  By way of further answer, Defendants specifically deny violating the NJLAD or any other law and further deny Ms. Lopez is entitled to damages of any kind.

145.    Denied.  By way of further answer, Defendants specifically deny violating the NJLAD or any other law.

146.    The averments in Paragraph 147 state conclusions of law to which no response is required.  To the extent a response is deemed necessary, the averments in Paragraph 147 are denied.

WHEREFORE, Defendants respectfully request that the Court enter judgment in their favor and against Ms. Lopez, together with costs, attorneys' fees, and such further relief as this Court finds just and proper.

## AFFIRMATIVE DEFENSES

1.      Defendants exercised reasonable care to prevent and correct discriminatory behavior, and Ms. Lopez unreasonably failed to take advantage of the preventative and corrective opportunity or to avoid harm otherwise.

2.      Defendants deny violating the ADEA or any other statute or law; however, if Defendants violated the ADEA, Defendants did not act in reckless disregard to Ms. Lopez's rights and, therefore, Ms. Lopez is not entitled to liquidated damages.

3.      Ms. Lopez is not entitled to punitive damages because Defendants made a good faith attempt to comply with the law by adopting policies and procedures designed to prevent unlawful discrimination and retaliation such as that alleged by Ms. Lopez.

4.      Ms. Lopez's claims are barred, in whole or in part, by the applicable statute of limitations to the extent she alleges adverse actions that occurred more than 300 days (for claims arising under the ADEA) before she filed an administrative charge of discrimination with the applicable administrative agency or two years (for claims under the NJLAD) before she filed this lawsuit.

5.      Ms. Lopez's claims against AT&T Inc. are barred because the Court lacks personal jurisdiction over AT&T Inc.

6.      Ms. Lopez failed to mitigate her damages, if any, and Defendants are entitled to an offset to the extent of any mitigation.

Respectfully submitted,

Dated:  July 6, 2026

*/s/ Rachel Fendell Satinsky*

Rachel Fendell Satinsky, Bar No. 017002010
rsatinsky@littler.com
Tanner McCarron, Bar No. 326242020
tmccarron@littler.com
LITTLER MENDELSON, P.C.
Three Parkway
1601 Cherry Street, Suite 1400
Philadelphia, Pennsylvania 19102.1321
Telephone:     267.402.3000
Facsimile:     267.402.3131

Attorneys for Defendants
AT&T INC. and AT&T MOBILITY
SERVICES LLC and JOHN STANKEY

## **CERTIFICATE OF SERVICE**

I hereby certify that on this 6th day of July 2026 a copy of the foregoing Answer to Complaint was filed electronically through the ECF system, is available for viewing and downloading from the ECF system and will be sent electronically to the registered participants identified on the Notice of Electronic Filings.


*/s/ Rachel Fendell Satinsky*
Rachel Fendell Satinsky